UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARLENE ZUCCARO | ) | CASE NO. |
| 9545 Graystone Lane | ) | |
| Mentor, Ohio 44060 | ) | JUDGE |
| | ) | |
| on behalf of herself and all others | ) | MAGISTRATE JUDGE |
| similarly situated, | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| vs. | ) | |
| | ) | |
| INFOCISION MANAGEMENT CORP. | ) | |
| 325 Springside Drive | ) | |
| Akron, Ohio 44333 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Marlene Zuccaro, by and through counsel, and for a Complaint against Defendant InfoCision Management Corp. ("InfoCision") states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay its hourly, non-exempt employees, including Plaintiff, minimum wages and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and

omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

4.      At all times relevant herein, Plaintiff was a citizen of the United States and resident of Lake County, Ohio.

5.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.      At times relevant herein, Defendant maintained its principal place of business in Summit County, Ohio.

7.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.      At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

12.     InfoCision is a provider of call center solutions, including sales, customer care, fundraising, and volunteer recruitment.

13.     InfoCision operates 32 call centers in 12 locations throughout Ohio, West Virginia and Pennsylvania.

14.     Plaintiff Marlene Zuccaro was employed by InfoCision between approximately

February, 2010 and June, 2010.

15.     Plaintiff and other similarly-situated employees were employed by InfoCision as "communicators."

16.     Plaintiff and other similarly-situated communicators engaged in call-center job duties such as sales, customer care, fundraising, and volunteer recruitment.

17.     Plaintiff and other similarly-situated communicators were not paid for "follow-up time" that they performed during their workday.

18.     Follow-up time included job duties that were integral and indispensable to their sales, customer care, fundraising, and volunteer recruitment job duties, such as recording that a customer or donor was deceased, wanted to be put on the "do not call list," had a change of address, or wanted information about why he or she was called.

19.     When a call went into follow-up time, the computer screens of Plaintiff and other similarly-situated communicators turned red, and this let them know that they were not getting paid for this time.

**(Failure to Pay Overtime Compensation)**

20.     As a result of Plaintiff and other similarly-situated communicators not being paid for follow-up time, Plaintiff and other similarly-situated communicators were not paid overtime compensation for all hours worked over 40 in a workweek.

21.     Plaintiff and other similarly-situated communicators were denied additional overtime compensation based on performance bonuses that were not included in the calculation of their regular rate of pay.

**(Failure to Pay Minimum Wages)**

22.     As a result of Plaintiff and other similarly-situated communicators not being paid for follow-up time, Plaintiff and other similarly-situated communicators were not paid at

least the applicable minimum wage for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

24.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current communicators employed by InfoCision at
> any time between December 10, 2007 and the present.

25.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 4,000 persons.

26.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

27.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

28.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29.     Defendant's practices and policies of not paying Plaintiff and other similarly-situated communicators for follow-up time violated the FLSA, 29 U.S.C. §§ 206-207.

30.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated communicators overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

31.     Defendant's practice and policy of failing to include performance bonuses earned by Plaintiff and other similarly-situated communicators in the calculation of their regular rate violated the FLSA, 29 CFR § 778.209(a).

32.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees the applicable minimum wage for each hour worked each workweek violated the FLSA, 29 U.S.C. § 206.

33.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

35.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action;

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that

this litigation is pending and that they have the right to "opt in" to this litigation;

        C.     Award Plaintiff and the class she represents actual damages for unpaid wages and overtime compensation;

        D.     Award Plaintiff and the class she represents liquidated damages in an amount equal to the unpaid wages and overtime compensation found due to Plaintiff and the class;

        E.     Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

        F.     Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

        G.     Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**      **THE LAZZARO LAW FIRM, LLC**

 /s/ Jason R. Bristol                       /s/ Anthony J. Lazzaro

Jason R. Bristol (0072989)               Anthony J. Lazzaro (0077962)

jbristol@crklaw.com                        anthony@lazzarolawfirm.com

Thomas A. Downie (0033119)             920 Rockefeller Building

tdownie@crklaw.com                       614 W. Superior Avenue

The Hoyt Block Building – Suite 400      Cleveland, Ohio 44113

700 West St. Clair Avenue               216-696-5000 [Telephone]

Cleveland, Ohio 44113                 216-696-7005 [Facsimile]

216-781-7956 [Telephone]

216-781-8061 [Facsimile]

Attorneys for Plaintiff

### JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                     /s/ Jason R. Bristol

                     One of the Attorneys for Plaintiff